691 So.2d 251 (1997)
STATE of Louisiana
v.
Brian CHISOLM.
No. 95-KA-2028.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1997.
*252 Harry C. Connick, District Attorney, Susan E. Talbot, Assistant District Attorney, New Orleans, for Plaintiff-Appellee.
Archie B. Creech, Orleans Indigent Defender Program, New Orleans, for Defendant-Appellant.
Before SCHOTT, C.J., and CIACCIO and ARMSTRONG, JJ.
SCHOTT Chief Judge.
Defendant was charged with and convicted of attempted second degree murder. He was sentenced under the Habitual Offender Law as a second offender to twenty-five years at *253 hard labor without benefit of parole, probation, or suspension of sentence.
Responding to a call of a shooting at the intersection of Thayer and Ptolemy Streets, police officers found Herman Johnson on the porch of the residence at 1302 Ptolemy. He had been shot eleven times, and he told the officers that "Brian" had shot him. The officers searched the area and found a bloody bicycle in the 1400 block of Thayer, as well as two live .38 caliber rounds. They also found a blood trail from the bicycle to the porch where Johnson was found and two bullet holes in the side wall of 1301 Ptolemy.
Johnson testified that earlier that evening, after playing basketball and having a few wine coolers, he was riding his bicycle when a man, whom he identified as defendant, jumped from behind a tree. The defendant shot him and asked, "Bitch, what you got?" Johnson said that when he reached into his pocket to give defendant what he had, defendant started shooting him again and calling him "bitch."
Johnson stated that he knew defendant from playing basketball together but that he did not, at that time, know defendant's last name, only his first name. Johnson testified that his wife told him that defendant's last name was Chisolm. He also testified that he selected defendant's picture out of a photographic lineup. Johnson admitted that besides drinking the wine coolers, he had also used cocaine the day before. He also admitted that he had a prior conviction for possession of cocaine. The toxicology tests on Johnson were positive for alcohol and cocaine, but there was no quantitative analysis as to either substance.
Tyra Marshall testified that she was with defendant on the night of the shooting.
A review of the record for errors patent reveals that defendant's sentence is illegal in that it was imposed without benefit of probation, parole, or suspension of sentence. At the time of the offense in August 1994, LSA-R.S. 14:27(D)(1) did not provide for these restrictions for the crime of attempted second degree murder. It was amended in 1995 to require the restrictions. Consequently, defendant's sentence must be amended to remove the restrictions against probation, parole or suspension of sentence.
By his first assignment of error, defendant argues that the trial court erred in denying his motion for a continuance so that he could find missing alibi witnesses, especially Chris Johnson. He argues that the trial court abused its discretion because the case had been continued twice before, once because a prosecution witness was missing and once on a joint motion; because the case was tried just three months after the bill of information had been filed; and because the state's entire case rested on the victim's identification of defendant as the perpetrator.
La.C.Cr.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
The trial court's broad discretion to deny a continuance will not be disturbed absent a clear showing of specific prejudice that demonstrates an abuse of that discretion. State v. Corley, 94-0810 (La.App. 4th Cir. 3/29/95), 653 So.2d 722, writ denied 95-1040 (La.11/13/95), 662 So.2d 464.
Defendant's motion for a continuance was based upon the assertion that the clerk did not issue subpoenas for his four alibi witnesses as he requested a month before trial. However, the trial court issued instanter subpoenas for the four witnesses, which resulted in three of the witnesses appearing. The only witness who did not appear was Chris Johnson; and, at the end of the first day of trial, the trial judge stated that he would ask the Sheriff's Office to try to serve Johnson for the next morning. When trial resumed the next day, Johnson did not appear. The instanter attachment showed that there was *254 no answer at Johnson's residence and that he could not be served. Tyra Marshall, one of the alibi witnesses, testified that she was Johnson's ex-girlfriend and that she did not know where he was.
It does not appear that the trial court abused its discretion in denying the continuance. Although defendant sought to subpoena Johnson well in advance of trial, defendant has failed to establish that it was probable that Johnson would have been available as a witness at a future trial. Moreover, Johnson's testimony would not have differed substantially from Marshall's. She testified that she and defendant were together in the same house at the time of the shooting albeit they were not in the same room. Johnson was supposedly in the same room with defendant at the time. This assignment of error is without merit.
In his second assignment of error, defendant complains that the trial court erred in denying his motion for new trial based on the discovery of new evidence. Defendant argues that he discovered new evidence bearing on the credibility of Herman Johnson, namely that the gym where he claimed to be playing basketball was closed. Defendant argues that he could not have discovered that Johnson was lying until after the trial because the victim's whereabouts prior to the shooting were not mentioned in the police report or at the hearing on the motion to suppress the identification. Because this testimony was a surprise to him, he contacted the manager of the gym who told defense counsel that the gym was closed.
In order for a motion for new trial to be granted on the basis of newly discovered evidence, the following must be shown: (1) the evidence must have been discovered during or since trial; (2) the failure to learn of the evidence at the time of trial was not due to the defendant's lack of diligence; (3) the evidence was material to the issues at trial; and, (4) the evidence must be of such a nature that it would probably produce an acquittal in the event of a retrial. La.C.Cr.P. art. 851(3); State v. Knapper, 555 So.2d 1335 (La.1990). The trial judge's ruling as to whether these requisites have been shown is entitled to great weight, and his denial of the motion for new trial will not be disturbed on appeal absent a clear abuse of discretion. Id. Additionally, La.C.Cr.P. art. 854 provides:
A motion for new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3)The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
The newly discovered whereabouts or residence of a witness do [sic] not constitute newly discovered evidence.
Defendant's motion for new trial did not set forth the name of the witness whose testimony would contradict that of Johnson regarding the basketball gym; and, defendant does not give this witness' name in his brief to this court. Thus, it appears that defendant failed to comply with the requisites of Article 854. Additionally, it is questionable that defendant exercised reasonable diligence in discovering this new witness. The motion stated that the gym manager was contacted, presumably by defense counsel. Johnson testified as to his whereabouts on the first day of trial; and, if defense counsel was able to contact the gym manager after trial, he should have been able to contact him at some point before trial resumed on the second day and have an instanter subpoena issued to compel this witness' attendance. In other words, defendant has not demonstrated that he could not have contacted the gym manager any sooner than he did. Therefore, the trial court did not abuse its discretion in denying the motion for new trial; and, this assignment of error is without merit.
By his third assignment of error, defendant complains that the trial court erred in limiting his cross-examination of Johnson.
*255 He argues that he should have been able to question Johnson about the armed robbery charges that were pending against him so as to show bias or interest in that Johnson had a hope of leniency as a result of his testimony.
At the beginning of trial, the State asked that defendant not be allowed to question Johnson about the pending armed robbery charge; and, the trial judge ruled that he would allow defense counsel to ask Johnson whether he was receiving anything from the D.A.'s office in exchange for his testimony. Defendant did not lodge any objection. During cross-examination, defense counsel asked Johnson whether he had made any deals or had been told that he would be helped out if he testified. Johnson denied that there was. Defense counsel also questioned him whether he ever carried a weapon; and, when he denied doing so, defense counsel asked for a bench conference. After Johnson testified, defense counsel put his objection on the record; and, he stated that when Johnson denied carrying a weapon, he wanted to bring out the fact that Johnson was awaiting trial for armed robbery.
LSA-C.Cr.P. art. 841, requires a defendant to make known the grounds for his objection; and, he is limited on appeal to those grounds articulated at trial and must point to the specific error so that the trial court has the opportunity to make the proper ruling and prevent or cure any possible error. State v. Baker, 582 So.2d 1320 (La.App. 4th Cir.1991), writ denied 590 So.2d 1197 (La.1992), cert. denied Baker v. Louisiana, 506 U.S. 818, 113 S.Ct. 62, 121 L.Ed.2d 30 (1992). Defendant objected only to his not being allowed to ask about the armed robbery charges so as to impeach Johnson's testimony that he did not carry weapons; thus, his claim that the trial court erroneously curtailed his cross-examination as to any hopes for leniency is not reviewable. This assignment of error is without merit.
In a pro se assignment of error, defendant complains that the trial court erroneously instructed the jury that defendant had to have the intent to kill or inflict great bodily harm in order to be found guilty of attempted second degree murder. A review of the transcript of the jury instructions shows that the trial judge did in fact instruct the jury that:
[i]n order to convict the defendant of the crime of attempted second degree murder the jury must be convinced beyond a reasonable doubt that the defendant attempted to kill Herman Johnson on the date stated in the Bill of Information, and that at the time of the killing, the defendant had a specific intent to kill or inflict great bodily harm.
The gravamen of attempted murder is the specific intent to kill, not simply to inflict bodily harm. State v. Cavazos, 610 So.2d 127 (La.1992). Therefore, the trial court erroneously instructed the jury.
However, the transcript also shows that defendant did not lodge an objection to this charge. Ordinarily, appellate review of this issue is precluded by the failure to object. La.C.Cr.P. arts. 801, 841; State v. Bourque, 622 So.2d 198, 244 (La.1993); State v. Thomas, 427 So.2d 428, 433 (La.1982).
In the Thomas case the court commented that in Louisiana there is no plain error rule of general application and observed that it was unlikely that a plain error review, even if granted, would warrant relief because the defendant failed to demonstrate that he was substantially prejudiced by the claimed error. Thomas at page 434.
In the present case there is ample basis for concluding that the erroneous jury charge on specific intent was harmless. Defendant ambushed the victim at night and shot him eleven times at fairly close range. The two officers who responded to the call did not think Johnson would survive. The guilty verdict of attempted second degree murder was surely unattributable to the erroneous charge that the element of intent included the specific intent to inflict great bodily harm as an alternative to the intent to kill. This assignment is meritless.
In another pro se assignment of error, defendant complains that the State withheld Brady material, namely the initial police report which defendant argues contains exculpatory evidence that would have impeached the testimony of the victim's wife. A review *256 of the trial transcript shows that defendant introduced the police report into evidence. This assignment is likewise meritless.
Accordingly, defendant's conviction is affirmed and his sentence is amended to delete the restriction against parole, probation, or suspension of sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED.