497 So.2d 1369 (1986)
STATE of Louisiana
v.
Carolyn HAMLIN.
STATE of Louisiana
v.
Anthony D. REDDIX.
Nos. 86-KA-1261, 86-KA-1262.
Supreme Court of Louisiana.
November 24, 1986.
*1370 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster, Joseph Iuzzolino, Rockne Moseley, New Orleans, for applicant.
Dwight Doskey, John Craft, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellee.
MARCUS, Justice.[*]
In separate cases, Carolyn Hamlin and Anthony D. Reddix were each charged by a bill of information with possession of an unregistered shotgun having a barrel of less than eighteen inches in length in violation of La.R.S. 40:1785. Both defendants filed motions to quash alleging that the statute was unconstitutionally overbroad in that it impermissibly infringed upon their right to keep and bear arms and violated their privilege against self-incrimination as guaranteed by the federal and state constitutions. The trial judge granted the motion to quash in each case. The state appealed the rulings to this court. La. Const. art. 5, § 5(D)(1) (1974). The two cases were consolidated for hearing before this court.
La.R.S. 40:1785 provides that "[n]o person shall receive, possess, carry, conceal, buy, sell, or transport any firearm which has not been registered or transferred in accordance with this Part." For purposes of this statute, La.R.S. 40:1781(3) defines a "firearm" as follows:
"Firearm" means a shotgun having a barrel of less than eighteen inches in length; a rifle having a barrel of less than sixteen inches in length; any weapon made from either a rifle or a shotgun if said weapon has been modified to have an overall length of less than twenty-six inches; any other firearm, pistol, revolver or shotgun from which the serial number or mark of identification has been obliterated, from which a shot is discharged *1371 by an explosive, if that weapon is capable of being concealed on the person; or a machine gun or gas grenade; and includes a muffler or silencer for any firearm, whether or not the firearm is included within this definition. Pistols and revolvers and those rifles and shotguns which have not previously been defined in this Paragraph as firearms from which serial numbers or marks of identification have not been obliterated are specifically exempt from this definition. [Emphasis added.]
Defendants first contend that La.R.S. 40:1785 is unconstitutionally overbroad in that it proscribes conduct protected by the right to keep and bear arms as guaranteed by the federal and state constitutions.
In State v. Tucker, 354 So.2d 1327 (La. 1978), we held that:
The fourteenth amendment to the United States Constitution protects individuals from incursions by the state into certain areas of their lives. A statute is overbroad and, thus, constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of these protected private areas. [Citations omitted.] Hence, overbreadth is a concept which applies only to cases where a constitutionally protected right is claimed in the prosecution. State v. Cox, 352 So.2d 638 (La.1977).
See also, State v. Griffin, 495 So.2d 1306 (La.1986). Thus, in order to determine whether La.R.S. 40:1785 is overbroad, we must decide whether defendants have a constitutionally protected right to possess unregistered sawed-off shotguns.
It is well settled that "the right to keep and bear arms guaranteed by the second amendment to the federal constitution is not carried over into the fourteenth amendment so as to be applicable to the states." State v. Amos, 343 So.2d 166, 168 (La.1977), and authorities cited therein. Therefore, any constitutional right to keep and bear arms claimed by the defendants must arise from La.Const. art. 1, § 11 (1974).[1] However, the right to keep and bear arms guaranteed by our state constitution is not absolute. The right may be regulated in order to protect the public health, safety, morals, or general welfare so long as that regulation is a reasonable one. Amos, supra.
Unquestionably, the statute challenged in the instant case was passed in the interest of the public and as an exercise of the police power vested in the legislature. As with similar statutes across the United States, its purpose is to control and discourage the use of weapons "whose customary employment by individuals is to violate the law." People v. Brown, 253 Mich. 537, 541, 235 N.W. 245 (1931). This purpose may clearly be discerned by the types of firearms which La.R.S. 40:1785 requires to be registered: sawed-off shotguns and rifles, guns from which the serial number or identification mark has been obliterated, machine guns, gas grenades, and mufflers or silencers. La.R.S. 40:1781(3).
We conclude that it is reasonable for the legislature in the interest of public welfare and safety to require the registration of weapons whose customary use in times of peace is in the perpetration of crime. Furthermore, there is no indication that La.Const. art. 1, § 11 was ever intended to preclude legislation of this type. On the contrary, after extensive debate on the subject, constitutional convention delegates rejected a proposed amendment to art. 1, § 11 which would have added the following sentence: "No law shall require the licensing or registration or impose special taxation on the ownership or possession of firearms or ammunition."[2] Hence, defendants' assertion of overbreadth is without merit because the conduct in which defendants *1372 engaged, that is, possession of unregistered sawed-off shotguns, is not constitutionally protected under art. 1, § 11.
Defendants next contend that the registration requirement of La.R.S. 40:1785 violates their privilege against self-incrimination as guaranteed by the federal[3] and the state constitutions.[4] More specifically, they assert that the requirement of registration of their sawed-off shotguns unconstitutionally compels, at the moment of registration, an admission of guilt to the crime of having possessed an unregistered sawed-off shotgun in violation of La.R.S. 40:1785.
If the registration required by La.R.S. 40:1785 were to be used as evidence in criminal prosecutions for the previous possession of unregistered firearms, there might be some merit in defendants' assertion. However, such use is explicitly prohibited by a 1976 amendment to La.R.S. 40:1784:
No information or evidence obtained from an application, registration or records required to be submitted or retained by a natural person in order to comply with any provision of this Part or regulations issued thereunder shall, except as provided by the laws on perjury or false swearing, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.
The 1976 amendment to La.R.S. 40:1784 is essentially identical to 26 U.S.C. § 5848 of the National Firearms Act, 26 U.S.C. §§ 5801 et seq.[5] As explained by the Ninth Circuit Court of Appeals in United States v. Coleman, 707 F.2d 374 (9th Cir.1983), 26 U.S.C. § 5848 was enacted in order to sanitize the federal firearms registration statute after the United States Supreme Court held that the registration requirement violated the fifth amendment privilege against self-incrimination:
In Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the Supreme Court struck down a provision of an earlier version of the National Firearms Act as violative of the fifth amendment. Essentially, the old law required registration by a person who possessed a firearm that was made or acquired in violation of the Act. The Court held that the fifth amendment prohibited Congress from requiring an individual to provide information that amounts to an admission of guilt to a state or federal crime. Id. at 96-100, 88 S.Ct. at 729-732.
Subsequent to Haynes, Congress amended the statute to state that no information or evidence provided in compliance with the registration or transfer provisions of the Act could be used, directly or indirectly, as evidence against the registrant or applicant "in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, *1373 or the compiling of the records containing the information or evidence." 26 U.S.C. § 5848(a). Because the registration information could not be used to convict an applicant of any federal crime committed prior to or concurrent with his filing, and because the information contained in the registration would not be disclosed to state law enforcement agencies, the revised statute was upheld by the Supreme Court in United States v. Freed, 401 U.S. 601, 606, 91 S.Ct. 1112, 1116, 28 L.Ed.2d 356 (1971).
The 1976 amendment to La.R.S. 40:1784 was obviously enacted for the same reason as 26 U.S.C. § 5848, namely, to constitutionalize the firearms registration requirement of La.R.S. 40:1785 against claims that that statute violated the constitutional privilege against self-incrimination. Thus, for the reasons articulated by the United States Supreme Court in United States v. Freed, supra, we hold that La.R.S. 40:1785 does not violate the privilege against self-incrimination as guaranteed by either the fifth amendment of the federal constitution or art. 1, § 16 of the Louisiana constitution.
Accordingly, the rulings of the trial judge quashing the bills of information based on the unconstitutionality of La.R.S. 40:1785 must be reversed.

DECREE
For the reasons assigned, the rulings of the trial judge quashing the bills of information against Carolyn Hamlin and Anthony D. Reddix are reversed, and the cases are remanded for further proceedings in accordance with law.
NOTES
[*] Pike Hall, Jr., Associate Justice ad hoc, sitting for Associate Justice Harry T. Lemmon.
[1] La. Const. art. 1, § 11 (1974) provides:

The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.
[2] VII Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, 45th day at 1210-1217.
[3] The fifth amendment to the United States Constitution provides:

No person ... shall be compelled in any criminal case to be a witness against himself....
[4] La. Const. art. 1, § 16 (1974) provides in pertinent part:

No person shall be compelled to give evidence against himself.
[5] 26 U.S.C. § 5848 provides:

§ 5848. Restrictive use of information.
(a) General rule.  No information or evidence obtained from an application, registration, or records required to be submitted or retained by a natural person in order to comply with any provision of this chapter or regulations issued thereunder, shall, except as provided in subsection (b) of this section, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.
(b) Furnishing false information.  Subsection (a) of this section shall not preclude the use of any such information or evidence in a prosecution or other action under any applicable provision of law with respect to the furnishing of false information.