776 So.2d 1165 (2001)
STATE of Louisiana
v.
Dean P. BLANCHARD.
No. 99-K-3439.
Supreme Court of Louisiana.
January 18, 2001.
*1167 Arthur A. Lemann, III, Jefferson, LA, Counsel for Applicant.
Richard Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Gretna, LA, Thomas J. Butler, Quentin P. Kelly, Gretna, LA, Vincent Paciera, Jr., New Orleans, LA, Counsel for Respondent.
VICTORY, J.
We granted this writ to determine whether La. R.S. 14:95(E), which prohibits a person from possessing a firearm while possessing a controlled dangerous substance, can be applied to criminalize the constructive possession of a firearm by one who also possesses marijuana. After reviewing the record and the applicable law, we find that "constructive possession" is sufficient to constitute "possession" under the statute; however, if constructive possession of the firearm is proven, the State must also show a nexus between the firearm and the drugs in order to prove a violation under the statute. Because the trial court did not properly instruct the jury on this issue, we remand this case to the trial court for a new trial.

FACTS AND PROCEDURAL HISTORY
On February 24, 1996, officers from the Jefferson Parish Sheriff's Office and the Grand Isle Police Department went to defendant Dean Blanchard's home. When defendant opened the door and was told that the officers were there to execute a search warrant, the defendant told the officers that he had a small amount of marijuana in the house, and, when asked if he had any weapons, replied that he had an Uzi pistol, which the officers located in a kitchen cabinet. The officers also found a bag with a small amount of marijuana under a sofa cushion and two marijuana cigarettes in an ashtray.[1]
Defendant was charged in Count 1 with possession with intent to distribute over 28 ounces of cocaine, a violation of La. R.S. 40:967(F), and in Count 2 with possession of a firearm while in possession of a controlled dangerous substance, to wit, marijuana, a violation of La. R.S. 14:95(E). At trial, the jury returned a verdict of not guilty as to Count 1 and deadlocked as to Count 2. At a second trial on the charge of possession of a firearm while in possession of marijuana, defendant was found guilty as charged and sentenced to seven years at hard labor.[2] The court of appeal affirmed *1168 his conviction and sentence. State v. Blanchard, 99-599 (La.App. 5 Cir. 11/10/99), 749 So.2d 19. We granted defendant's writ application to determine the applicable scope of La .R.S. 14:95(E). State v. Blanchard, 99-3439 (La.6/30/00), 765 So.2d 1054.

DISCUSSION
La. R.S. 14:95(E) provides:
If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence. (Emphasis added).
Defendant claims that La. R.S. 14:95(E) is unconstitutional in its application because it provides an enhanced penalty for the constructive possession of a firearm and drugs without a showing of connexity between the weapon possession and the drug offense. Thus, he claims that the statute is overbroad in violation of his right to bear arms and violates equal protection by arbitrarily including a misdemeanor drug offender in the same class with felony drug offenders without serving a legitimate state purpose.[3]
The court of appeal addressed only defendant's equal protection argument and found that the statute was constitutional after examining the right to bear arms and the legislative intent behind the statute. The court of appeal correctly set out the parameters of the equal protection analysis as follows:
The right to bear arms is established by the Second Amendment to the United States Constitution and Article I, § 11 of the Louisiana Constitution. The State of Louisiana is entitled to restrict that right for legitimate state purposes, such as public health and safety. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324; State v. Hamlin, 497 So.2d 1369 (La.1986); State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62. However, the Fourteenth Amendment to the United States Constitution, and Article I, § 3 of the Louisiana Constitution provide that no person shall be denied the equal protection of the laws. Equal protection requires that there be a rational basis for laws which discriminate between similarly situated groups of persons who are not members of a "suspect class." Marshall v. United States, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974); State v. Sandifer, 95-2226 at p. 10, 679 So.2d at 1333. A rational basis is a rational relationship between a legitimate state interest and the provision enacted. Marshall, 414 U.S. at 422, 94 S.Ct. at 704.
State v. Blanchard, supra at p. 24. The court then articulated what we believe is the correct interpretation of the legislative intent of La. R.S. 14:95(E):
The aim of the legislature in enacting [La. R.S. 14:95E] was to criminalize possession and/or use of a dangerous weapon, including a firearm, in order to prevent *1169 those engaged in drug use and distribution from engaging in the violent behavior endemic to the drug trade. This statute was enacted not solely for the protection of police officers ... but also for the protection of the general public.
Id. at 25 (citing State v. Williams, supra, 98-1006 at p. 3, 735 So.2d at 69). However, without addressing the narrowing construction argued by defendant, the court of appeal then approved of a broad interpretation of the statute and held that the statute, "even as applied to one in possession of a misdemeanor amount of marijuana, serves the legitimate state purpose of protecting law enforcement officers and the public from those who might commit a violent act with a weapon under the influence of drugs." Id. This reasoning is flawed as there is no requirement in the statute that the offender be "under the influence of drugs" in order to be violating the statute. Thus, we will determine the proper interpretation of the statute[4] and then determine whether, when properly interpreted, the statute is constitutional as applied to this defendant.
The heart of the issue is whether the legislature intended this statute to prohibit the constructive possession[5] of a firearm by the term "possesses ... any firearm," while possessing drugs, and, if so, whether there needs to be any connection between the drugs and the weapon.[6]
This Court has previously considered the meaning of the word "possess" in La. R.S. 14:95(E). In State v. Sandifer, supra, defendant claimed, among other things, that La. R.S. 14:95(E) was vague, overbroad, and violated equal protection rights.[7] In finding that the statute was not vague as to defendant's conduct, i.e., sitting in his car with two firearms under his immediate control and a controlled dangerous substance located next to him, we held that the word "possess" "need not *1170 be defined statutorily because it has a `well known and commonly understood meaning.'" 679 So.2d at 1331 (citing State v. Richard, 245 La. 465, 158 So.2d 828, 831 (1963)). We held that in this statute, as in the statutes dealing with possession of drugs and possession of guns, the term "possess" "is broad enough to encompass both `actual' and `constructive' possession." Id. (citing State v. Mose, 412 So.2d 584, 586 (La.1982) ("constructive" possession of guns found in bedroom gun rack satisfies "possession" element of La. R.S. 14:95.1); State v. Bell, 566 So.2d 959, 960 (La.1990) ("constructive" possession of drugs by defendant seated in car with drugs on the console satisfies "possession" element of La. R.S. 40:967)).[8] Thus, we have already held that "possession" under La. R.S. 14:95(E), taken in its usual sense, includes constructive possession and we reaffirm that holding today. Further, this holding is reinforced by the fact that to interpret "possess" to mean only "actual possession" would lead to absurd consequences, as it would fail to punish a drug dealer found with a load of guns and drugs in the trunk of his car because the guns would not be on his person and they might not be found to be within his immediate control,[9] depending on his location.
*1171 However, in cases where the defendant is not in actual possession of the firearm and the firearm is not within his immediate control, to interpret this statute to prohibit the constructive possession of a firearm simultaneously with the possession of a controlled dangerous substance, without some connection between the firearm and the drugs, could likewise lead to absurd consequences. For example, a person could be found guilty of violating this statute when he is found with drugs at his home and a gun at his fishing camp 100 miles away. Defendant argues that such an interpretation would impinge his constitutional right to bear arms recognized in Article I, § 11 of the Louisiana Constitution.
Several other states with similarly broad statutes,[10] which prohibit mere "possession" of a firearm simultaneously with other criminal conduct, have required a nexus between the drug possession and the gun possession.[11] In State v. Peete, 185 Wis.2d 4, 517 N.W.2d 149 (1994), a search of the apartment of the defendant's girlfriend, where defendant slept 2-3 nights per week, revealed drugs in a dresser drawer, and a gun between the mattress and 3 guns in a cereal box in the kitchen. The statute at issue enhanced the sentence if a defendant committed a crime while possessing a dangerous weapon. The Wisconsin Supreme Court held that while the statute prohibited "constructive" possession as well as "actual" possession, "it would be absurd to apply the penalty enhancement statute to situations in which there is no relationship between the offense and possession of a dangerous weapon, regardless of whether that possession is actual or constructive." 517 N.W.2d at 153. Thus, the court established that the statute required a nexus between the predicate offense and the weapons offense and required that the state prove that the defendant possessed the weapon to facilitate *1172 commission of the predicate offense. Id. at 154.
Similarly, the Supreme Court of Kentucky, in Commonwealth v. Montaque, 23 S.W.3d 629 (Ky.2000), recently decided that under their enhancement statute, Ky. Rev.Stat. Ann. § 218A.992(1)[12], for possession a weapon at the time of the commission of a drug crime, there must be a nexus between the crime committed and the possession of a firearm, unless the defendant has actual possession of the firearm or constructive possession of a firearm within his immediate control when arrested:
While we decline to draw a bright-line rule to conclusively determine whether a nexus between the commission of the offense and the firearm possession has been established, we can make some general observations. First, whenever it is established that a defendant was in actual possession of a firearm when arrested or that a defendant had constructive possession of a firearm within his or her "immediate control when arrested," then, like under the federal sentencing guidelines, the Commonwealth should not have to prove any connection between the offense and the possession for the sentence enhancement to be applicable. However, the defendant should be allowed to introduce evidence to the contrary, which would create an issue of fact on the issue. Next, when it cannot be established that the defendant was in actual possession of a firearm or that a firearm was within his or her immediate control upon arrest, the Commonwealth must prove more than mere possession. It must prove some connection between the firearm possession and the crime.
Id. at 632-633. The court reasoned that "requiring proof of a nexus between the commission of the offense and the possession of the firearm reduces or eliminates [the risk that the statute could be used to punish non-criminal activity] without lessening the statute's legitimate penal purpose."[13]Id. at 632.
The Alabama Supreme court has held that a statute prohibiting "possession" of a firearm during the commission of certain proscribed acts encompasses both actual and constructive possession, and that in order to determine whether a sentence enhancement based on a co-conspirators possession of a firearm was proper, the co-conspirator must have possessed the firearm in furtherance of the conspiracy. Browder v. State, 728 So.2d 1108 (Ala. 1997).
Other courts with similarly broad "possession" statutes have held that constructive possession of the firearm was prohibited under the statute only if the firearm was "physically accessible" or "readily accessible" to the defendant.[14]See Kornbluth *1173 v. State, 580 A.2d 556 (Del.1990) (holding that a statute prohibiting the possession of a firearm during the commission of a felony was violated by a defendant who had drugs and weapons within reach of each other in his living room, even though the defendant was not present at the time of the search, because the weapon was physically available or accessible to defendant during his drug offense); State v. Smith, 601 So.2d 263, 267 (Fla.App.), review denied, 605 So.2d 1266 (Fla.1992) (holding that "possession" in a statute which provides the minimum sentence for a person convicted of a drug offense "who had in his possession a semiautomatic firearm" was intended to mean "had either on his person or readily accessible.") Lastly, in Jefferson v. Commonwealth, 14 Va.App. 77, 414 S.E.2d 860 (1992), the court found that "possession," in a statute prohibiting possession of a firearm while possessing a controlled substance, included constructive possession and held that while the state did not have to prove "ready access," it had to prove that the defendant was aware of both the presence and character of the contraband and that it was subject to his dominion and control.
Guided by those decisions from other states, we find that under La. R.S. 14:95(E), when it cannot be established that the defendant was using or in actual possession of a firearm or that a firearm was within his or her immediate control, the state must prove more that mere possession of the firearm. It must prove some connection between the firearm possession and the drug offense. This connection might be established by the following evidence: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence.
The requirement of a nexus between the firearm and the drug offense eliminates the risk that the statute will reach noncriminal or constitutionally protected activity without lessening the state's legitimate penal purpose.[15] Our interpretation resolves the overbreadth argument as it is clearly reasonable for the legislature in the interest of public welfare and safety to prohibit the constructive possession of firearms in connection with the commission of drug offenses. This is consistent with our prior holdings wherein we found that other statutes reasonably limiting a citizen's right to bear arms were constitutional. See State v. Amos, 343 So.2d 166, 168 (La.1977), (holding that "it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies"); see also State v. Clement, 368 So.2d 1037 (La.1979) and State v. Hamlin, 497 So.2d 1369 (La.1986) (holding that it is reasonable for the legislature in the interest of public welfare and safety to require the registration of a sawed-off shotgun whose customary use in times of peace is in the perpetration of crime).
Further, we find that there is a rational relationship between the statute's scope, i.e., making it a felony for a person to possess a firearm in connection with a drug offense, even a misdemeanor drug offense, and its legitimate state purpose of preventing drug-related violence. Thus, we find that defendant's equal protection argument fails as well.
At trial, defendant proposed a jury instruction which would have required a connection between the firearms possession and the marijuana possession, which the trial judge refused. Instead, the trial court instructed the jury as follows:

*1174 In order to convict the defendant of this crime, you must find beyond a reasonable doubt that the defendant: (1) knowingly or intentionally possessed any firearm or other instrumentality customarily used on intended for probable use as a dangerous weapon, while at the same time (2) knowingly or intentionally possessing a controlled dangerous substance, such as marijuana.[16]
Because the jury was not properly instructed that the state must prove some connection between the gun found in the kitchen cabinet and defendant's possession of the marijuana found in the living room, we must reverse defendant's conviction and sentence and remand the matter for a new trial.[17]

CONCLUSION
In order to prove a violation of La. R.S. 14:95(E) when a defendant is found to be in constructive possession of a firearm while simultaneously in possession of a controlled dangerous substance, the state must prove that there is a nexus between the firearm and the controlled dangerous substance. Proof of this nexus is not required where the defendant uses or has actual possession of the firearm, or has the firearm within his immediate control. In order to prove that nexus, the state must show some connection between the possession of the firearm and the drug offense. Under this interpretation, the statute is neither overbroad nor an equal protection violation. Because the jury was not properly instructed on this issue, we remand this matter for a new trial.

DECREE
For the reasons expressed herein, we affirm the trial court's judgment denying the defendant's motion to suppress the evidence, but we reverse the defendant's conviction and sentence and remand the matter for a new trial.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR A NEW TRIAL.
NOTES
[1] Although the record shows that the officers seized a sizeable amount of cocaine at defendant's residence, all evidence concerning the cocaine was excluded from this trial.
[2] Subsequently, defendant pled guilty to a habitual offender bill of information, and the trial court vacated the original sentence and again imposed a term of seven years as defendant's enhanced sentence. The court further ordered that the sentence run concurrently with a 18 month sentence he was serving in federal prison for illegal transportation of red snapper.
[3] We find no merit in, nor will we address, defendant's unsupported additional argument that the statute violates due process by not requiring an element of specific intent. Defendant bears the burden of clearly establishing unconstitutionality and he has pointed to no legal authority for his argument.
[4] The following rules apply in interpreting the meaning of this statute:

A statute is presumed to be constitutional, and the burden of clearly establishing unconstitutionality rests upon the party who attacks the statute. A statute should be upheld whenever possible. Louisiana criminal statutes must be "given genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. La. R.S. 14:3." (Citations omitted).
State v. Muschkat, 96-2922 (La.3/4/98), 706 So.2d 429, 432.
[5] We have defined constructive possession as follows. "[T]he mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of the contraband, is insufficient to constitute constructive possession." State v. Harris, 94-0970 (La.12/08/94), 647 So.2d 337, 338 (citing State v. Walker, 369 So.2d 1345, 1346 (La.1979)). "When [the state] cannot place the defendant in actual possession of [contraband], [it] must establish that he had dominion and control over the contraband, and each case turns on its particular facts." Id. at 338-339 (citing State v. Bell, 566 So.2d 959 (La.1990); State v. Trahan, 425 So.2d 1222 (La.1983)).
[6] As originally enacted in 1992 by Act 1017, § 1, the statute prohibited the "use" of any firearm while in possession of or during the sale or distribution of a controlled dangerous substance. The statute was amended in 1994 by Act 143 of the Third Executive Session to include "possesses, or has under his immediate control" any firearm.
[7] Defendant's overbreadth challenge was that the statute was unconstitutional because a "person in possession of `a single Marijuana cigarette' could be convicted under this felony statute if he also had `a hunting rifle locked in a gun closet' or a `handgun in a case in the attic.'" We held that because the defendant's argument was based on a hypothetical situation and not his own conduct, "the argument that the statute might conceivably infringe upon the misdemeanor drug offender's right to bear arms in a fact situation not before this court cannot avail this defendant." Id. at 1333. Likewise, we held that defendant lacked standing to raise his equal protection argument, i.e, that a misdemeanor drug offender could be convicted of a felony under La.R.S. 14:95(E) and subjected to the statute's harsh penalties for simply possessing a firearm, which could be located in a gun closet or attic with no showing required of connexity between the weapons possession and the misdemeanor drug offense. Id.
[8] Several appellate courts have relied on Sandifer to find that a defendant's constructive possession of a firearm satisfies the requirements of La. R.S. 14:95(E). In State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, writ denied, 99-1077 (La.9/24/9), 747 So.2d 1118, defendant was found guilty of violating La. R.S. 14:95(E) after he was arrested with drugs in his car and a subsequent search of his home revealed a gun and drugs in his bedroom. The defendant argued that the statute was vague and overbroad as applied to him. The court ruled that as Sandifer had found that "possession" had a "well known and commonly understood meaning" and included constructive possession, and as the state proved that defendant had constructive possession of the gun, the statute was not vague as applied to defendant. Id. at 69. In denying the defendant's overbreadth argument, the court looked to the aim of the legislature as follows:

The aim of the legislature in enacting the present statute was to criminalize possession and/or use of a dangerous weapon, including a firearm, in order to prevent those engaged in drug use and distribution from engaging in the violent behavior endemic to the trade. This statute was enacted not solely for the protection of police officers, as defendant contends, but also for the protection of the general public.
[t]here are many practical considerations underlying a law that clearly recognizes the danger and proliferation of guns in the commission of violent or attempted violent offenses or during the commission of drug offenses. Dangerous weapons are the tools of trade in the illegal drug business.
State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089. We find no support for the defendant's proposition that one engaging in the proscribed criminal behavior, that is, illegal possession, sale, or distribution of controlled dangerous substances, has the equal right to possess or bear arms as does the law-abiding citizen.
Id. at 70; accord State v. Taylor, 98-603 (La. App. 5 Cir. 3/10/99), 733 So.2d 77 and State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126 (gun found in locked room in locked safe in closet found to be in constructive possession of defendant under La. R.S. 14:95(E)). See also State v. Brooks, 99-478 (La.App.12/8/99), 756 So.2d 336 (constructive possession under La. R.S. 14:95(E) found where defendant was sleeping on a sofa with a firearm and marijuana on top of a refrigerator 10-15 feet away).
[9] This court has not interpreted the term "immediate control" for purposes of La. R.S. 14:95(E). However, in Sandifer, we found that where defendant was found sleeping in the driver's seat of a car with a gun on the passenger seat and a gun on the floor, these guns were within his immediate control. We have interpreted the term "immediate control" under La. R.S. 14:64, which defines armed robbery as the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. This Court has stated the "immediate control" requirement of the armed robbery statute is satisfied when property is taken is within the presence of the owner. State v. Cooks, 97-0999 (La.1998), 720 So.2d 637, 652; State v. Refuge, 300 So.2d 489 (La.1974). This Court has further noted that armed robbery may occur where property taken is not in actual contact with the victim. Id.; State v. Verret, 174 La. 1059, 142 So. 688 (1932); State v. Boelyn, 432 So.2d 260 (La.1983).
[10] We note that other states and the federal government have enacted statutes that are somewhat similar to, but are not as broad as La. R.S. 14:95(E), which prohibits possessing a firearm while possessing a controlled substance. These statutes are more narrowly drafted. Examples of those that have been the subject of judicial interpretation are as follows; Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), superceded by statute, (determining that the word "use" in 18 U.S.C.S. 924(C)(1), which requires the imposition of specified penalties on a person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime, requires evidence sufficient to show an active employment of the firearm by the accused, as use that makes the firearm an operative factor in relation to the predicate offense); United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir.2000) (interpreting a later version of 18 U.S.C.S. 924(C)(1), which requires the imposition of specified penalties on a person who "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," to prohibit firearm possession that furthers, advances, or helps forward the drug trafficking offense); Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (interpreting "carries a firearm" in the same statute to reach a gun stored in a car trunk); State v. Garza, 256 Neb. 752, 592 N.W.2d 485 (1999) (interpreting "possesses" in statute providing "[a]ny person who uses a firearm ... to commit any felony ... or who unlawfully possesses a firearm ... during the commission of any felony ... commits the offense of using a deadly weapon to commit a felony" to include only those weapons on one's person or within one's immediate control); Manning v. State, 330 Ark. 699, 956 S.W.2d 184 (1997) (statute providing that "no person shall unlawfully commit a felony [drug violation] ... while in possession of ... [a] firearm" also provided a statutory defense that the "defendant was in his home and the firearm was not readily accessible for use"); State v. Eickelberg, 574 N.W.2d 1 (Iowa 1997) (penalty enhancement provision providing that "[a] person in the immediate possession or control of a firearm while participating in a violation of this subsection [drug violation] shall be sentenced to two times the term otherwise imposed by law", requires that the defendant be in such close proximity to the gun as to claim immediate dominion over it but did not require a direct connection between the drug offense and the immediate possession or control of the firearm).
[11] In several of these cases, if tried in Louisiana under La. R.S. 14:95(E), the defendant might have been found to have the firearm under his immediate control, thus obviating the nexus requirement.
[12] The statute provides in pertinent part:

[A]ny person who was at the time of the commission of the offense in possession of a firearm, shall: (a) Be penalized one (1) class more severely than provided in the penalty provision pertaining to that offense if it is a felony; or (b) Be penalized as a Class D felon if the offense would otherwise be a misdemeanor.
KRS 218A.992(1).
[13] In imposing this nexus requirement, the court looked to the federal sentencing guidelines which provide for sentence enhancement for a drug trafficking offense "if a dangerous weapon (including a firearm) was possessed," and noted that the commentaries to the federal sentencing guidelines explained their legislative purpose and intent as follows:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.
Id.
[14] We note again that La. R.S. 14:95(E) has an alternative "immediate control" requirement; therefore, there is no need to follow these cases which read into the "possession" requirement a "ready access" provision.
[15] This Court has previously employed narrowing constructions of statutes to preserve the legislative intent and prevent unconstitutional applications of the statute. See State v. Wille, 559 So.2d 1321, 1335-1336 (La.1990); State v. Brogdon, 457 So.2d 616, 629-30 (La. 1984); State v. Sonnier, 402 So.2d 650, 659 (La.1981).
[16] The jury was also instructed as follows regarding possession:

There are two types of possession. One of them is actual possession and the other is constructive possession. A person in actual possession of an object is one who actually has physical contact with the object, that is the person has the object in his hand or on his person. A person is in constructive possession of an object when he exercises dominion or control over the object although he may not be in actual possession of the object. Either type of possession is sufficient to satisfy the element of possession required by law. Whether the possession is actual or constructive, it must be further proven beyond a reasonable doubt that the defendant knowingly and intentionally possessed the object and was aware that the object was in his possession and that he freely and voluntarily possessed it.
[17] Because of our ruling granting a post verdict judgment of acquittal and remanding the matter for a new trial, we do not reach defendant's last assignment of error that possession of marijuana in violation of La. R.S. 40:966 is a lesser included offense of La. R.S. 14:94(E) and that therefore, the trial court erred in refusing to instruct the jury on the lesser included offense of possession of marijuana. Additionally, after reviewing the record and the applicable law, we find no error in the lower courts' rulings that the search of defendant's home and subsequent seizure of contraband was supported by a valid search warrant. Accordingly, we affirm the trial court's judgment denying the defendant's motion to suppress the evidence.