811 So.2d 38 (2002)
STATE of Louisiana
v.
Conrad L. JARVIS.
No. 2001-KA-1277.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2002.
Harry F. Connick, District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, Counsel for Defendant/Appellant.
*39 Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, and Judge TERRI F. LOVE.
LOVE, Judge.

STATEMENT OF THE CASE
Defendant Conrad L. Jarvis was charged with possession of a firearm while in possession of marijuana, a violation of La. R.S. 14:95(E). Defendant pleaded not guilty at his arraignment. The defendant was found guilty as charged at the close of a trial by a twelve-person jury. The trial court denied defendant's motions for new trial and for post-judgment verdict of acquittal. Subsequently, the trial court sentenced the defendant to eight and one-half years at hard labor. The trial court denied defendant's motion for reconsideration of sentence, and granted defendant's motion for appeal.
For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On January 23, 2001, the defendant was stopped for a traffic violation at the intersection of Poydras and South Rampart Street. The defendant failed to signal when turning and had a broken taillight. After stopping the vehicle, New Orleans Police Officer Stanley Doucette asked the defendant to step out. When defendant exited the vehicle, a clear plastic bag containing vegetable matter, later determined to be marijuana, fell to the ground from his person. When Officer Doucette reached over to pick up the plastic bag, he observed a .38 Special revolver on the floorboard of the driver's side of the vehicle, which Officer Doucette later discovered had not been reported stolen nor registered to anyone. The officer immediately handcuffed the defendant, advised him of his rights, and placed him in the rear of his marked vehicle. The officer then removed a juvenile from the passenger side of the vehicle and secured him.
Officer Doucette smelled marijuana in the vehicle, and called for a K-9 team, which recovered white bag of marijuana from underneath the passenger seat. Officer Doucette subsequently found a digital scale, some Ziploc baggies, one two-way walkie-talkie radio and a cell phone. Upon searching the defendant's person, Officer Doucette found approximately thirteen hundred dollars in various denominations. A hand-rolled marijuana cigar or "blunt" was found in the juvenile's pocket. Officer Doucette discovered that the defendant owned the vehicle according to the registration papers.
Defendant explained that at the time of his arrest he was living in Florida, and had come to Louisiana to pay some traffic violation fines in St. Bernard Parish. The violations dated back to the summer of 1999 and amounted to somewhere between five and eight hundred dollars. Defendant claimed the cash he had on hand was to be used to pay his traffic fines and for his visit of approximately one week in New Orleans. The defendant also claimed that he was not aware of the gun or drugs found in the vehicle, nor was he aware that the passenger had any of these items in his possession. Defendant said a few friends had been in his car some fifteen minutes before he was stopped by Officer Doucette, but no evidence was shown that the items belonged to them. Defendant testified he had never been convicted of a crime, although evidence was presented that he had been convicted of resisting arrest in 1990.

ERRORS PATENT
A review of the record reveals one error patent. Neither the sentencing transcript, the minute entry nor the docket master reflect that the trial court restricted *40 defendant's sentence to be served without the benefit of probation, parole or suspension of sentence, as mandated by La. R.S. 14:95(E). Thus, defendant received an illegally lenient sentence. This court will not correct an illegally lenient sentence on appeal where the State does not raise the issue. State v. Jones, 99-0861, p. 6 (La.App. 4 Cir. 6/21/00), 769 So.2d 28, 35, writ denied, 2000-2183 (La.9/28/01), 797 So.2d 685; State v. Mims, 97-1500, p. 24 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, 61, writs denied, 2000-2255 (La.6/22/01), 794 So.2d 781, 2000-2270 (La.6/22/01), 794 So.2d 782.

ASSIGNMENT OF ERROR
In his sole assignment of error, defendant argues that the trial court erred in failing to properly instruct the jury on the State's burden of proof. The defendant claims that the trial judge erred because he did not instruct the jury that a connection was required between the possession of the weapon and the possession of the drugs. The trial court instructed the jury that they simply had to find that the defendant knowingly or intentionally possessed a dangerous weapon while at the same time knowingly or intentionally possessing a controlled dangerous substance, such as marijuana.
Initially, it must be stated that defendant's counsel did not object to the instruction when it was given. Defendant concedes this point, stating counsel at trial simply failed to consider the applicability of the recently-decided State v. Blanchard, 99-3439 (La.1/18/01), 776 So.2d 1165. Generally, "[a] party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error." La.C.Cr.P. art. 801. Therefore, appellate review of this error is ordinarily precluded by the failure to make a contemporaneous objection as required by La.C.Cr.P. art. 841(A). State v. Chisolm, 95-2028, p. 7 (La.App. 4 Cir. 3/12/97), 691 So.2d 251, 255.
Defendant contends, however, that there is an exception carved out by the court in State v. Williamson, 389 So.2d 1328 (La. 1980). The defendant claims that where the error is of such importance and significance as to violate fundamental requirements of due process formal objection is not required. This court held in State v. LeBlanc, 97-1388 (La.App. 4 Cir. 9/23/98), 719 So.2d 592 that a jury instruction was erroneous and a conviction subject to reversal where the instruction involved the "very definition of the crime of which the defendant was in fact convicted." In order to excuse a failure to object the error must be so significance that the fundamental requirements of due process would be violated. The court pointed out that there is not, however, authorization for appeals courts to review every alleged erroneous jury instruction without following the requirements of Louisiana Code of Civil Procedure Article 841(A) by objecting contemporaneously. LeBlanc, 719 So.2d at 595, citing State v. Thomas, 427 So.2d 428.
The defendant in LeBlanc raised as his sole assignment of error the trial court's failure to charge the jury that it could convict the defendant of attempted first degree murder only upon proof that he specifically intended to kill a police officer or inflict great bodily harm upon him. After considering the applicable jurisprudence, this court refused to consider the claim of error on the ground that the defendant failed to object to the jury instruction. The court concluded that even if there had been an error by not giving the instruction, such error was harmless.
*41 In State v. White, 96-1534 (La.App. 4 Cir. 5/21/97), 695 So.2d 1020, the defendant raised a pro se assignment of error that the trial court failed to instruct the jury that there were any possible lesser verdicts to the charge of second-degree murder. There had been no contemporaneous objection to the trial court's jury instructions. This court held that the alleged error raised by the defendant involved the very definition of the crime for which he was convicted, and therefore chose to consider the assignment. However, this court found no merit to the claim of error.
In the instant case, we hold that the failure of the judge to properly instruct the jury instruction went to the very definition of the crime and therefore we will consider the merits of the error.
Defendant relies on State v. Blanchard, 99-3439 (La.1/18/01), 776 So.2d 1165, a decision rendered two months prior to defendant's trial, for his assignment of error. The defendant in Blanchard was convicted of violating. R.S. 14:95(E), for possessing of a firearm while in possession of a controlled dangerous substance, marijuana. The police executed a search warrant at the defendant's home where they found drugs in the living room and a gun in the kitchen. The defendant was convicted based on his constructive possession of the firearm. The defendant appealed stating that a conviction based on constructive possession violated his Second Amendment right to bear arms.
The Louisiana Supreme Court reviewed the law and jurisprudence and held that when there was constructive possession of a firearm the prosecution must prove that there is a connection between the firearm and the possession of the controlled dangerous substance. "This connection might be established by the following evidence: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence." Blanchard, 776 So.2d at 1173. However, when then defendant was in actual possession of the firearm or it was within his or her immediate control, the state must prove no more than mere possession of the firearm.
Defendant asserts that the trial court in the instant case erred because it did not instruct the jury that in order to convict the prosecution had to prove a connection between the firearm and the drugs. Defendant's reliance on Blanchard is misplaced, however because Blanchard is limited to cases of constructive possession. Officer Doucette testified that he saw the handgun on the floorboard of the driver's side of the vehicle, which was registered to the defendant. The officer specifically recalled that the firearm was not underneath the seat. Therefore, the State's evidence established that prior to defendant stepping out of the vehicle, the handgun was within his immediate control.
As a general matter, a trial court has the duty to instruct jurors as to "every phase of the case supported by the evidence whether or not accepted by him as true," and that duty extends to "any theory... which a jury could reasonably infer from the evidence." State v. Neal, XXXX-XXXX, p. 23 (La.6/29/01), 796 So.2d 649, 659, citing State v. Marse, 365 So.2d 1319, 1323 (La.1978); see also La.C.Cr.P. art. 802 (the trial court shall charge the jury as to the law applicable to the case).
Defendant denies any knowledge that the gun, the marijuana, or any of the drug paraphernalia were in his vehicle. However, the evidence showed that the gun was on the floor at the defendant's feet. The gun was therefore in the defendant's immediate *42 control. Thus, the evidence in the instant case did not support a jury charge that the State's burden of proof was that set forth in Blanchard. The trial court, therefore, properly charged the jury.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.