Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,449-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                        Appellee

Versus

CHARLIE BLOW                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 390,266

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

ROSS STEWART OWEN
ALEX L. PORUBSKY
Assistant District Attorneys

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the First Judicial District Court, Parish of Caddo, State of Louisiana, the Honorable Erin Leigh Waddell Garrett, presiding. Defendant, Charlie Blow, was charged by bill of information with possession of a Schedule II Controlled Dangerous Substance ("CDS"), a violation of La. R.S. 40:967(C)(1) ("count one"), possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1 ("count two"), and illegal carrying of a firearm while in possession of a CDS, a violation of La. R.S. 14:95(E) ("count three"). A unanimous jury convicted defendant of all three counts. He was subsequently sentenced to 18 months at hard labor on count one, 15 years at hard labor and imposition of a fine of $1,000 on count two, and seven years at hard labor on count three. The sentences were ordered to be served concurrently with one another and consecutively to any other sentence. On appeal, defendant asserts insufficiency of the evidence as to counts two and three and error in the trial court's jury instructions.

### FACTS/PROCEDURAL BACKGROUND

On July 17, 2022, Shreveport Police Officer Anthony Haines responded to an armed person call at the Fil-A-Sak at 317 Pierre Avenue, Shreveport, Louisiana. Ofc. Haines was given "a description of a male that came into the store threatening an attendant and the clerk" and was told that he was across the street sitting on a concrete step.

Ofc. Haines and another officer noticed that the individual matching the description was across the street from the Fil-a-Sak. The officers spoke to defendant who, according to Ofc. Haines, became "pretty aggressive" toward them. Defendant walked up and advanced in their direction,

although he was told to stop and lie on the ground. Eventually defendant complied and was placed in handcuffs by the officers.

After defendant was in restraints, Ofc. Haines was able to look where defendant had been sitting; the officers found an open pack of cigarettes with a glass pipe in it and a black handgun with blue grips sticking out of a paper bag. Ofc. Haines testified that the paper bag was "within a foot, probably, of where [defendant] was sitting." However, Ofc. Haines never saw defendant in physical possession of the firearm.

According to Ofc. Haines, after he advised defendant of his *Miranda* rights, defendant admitted the crack pipe was his, and he had been "holding" the firearm for a friend, to whom he intended to give the weapon back the next day. Ofc. Haines testified that defendant's prior conviction for domestic abuse, third offense within the past ten years made it a felony for him to have that gun, and that it was also a felony for him to have the gun and drugs.

Ofc. Haines stated that defendant was placed under arrest and taken to the city jail. As defendant was being booked, officers found another crack pipe in his jeans and a baggie of narcotics later determined to be methamphetamine in his sock.

On August 18, 2022, the State filed a bill of information charging defendant with count one—possession of a Schedule II CDS (less than two grams), methamphetamine, a violation of La. R.S. 40:967(C)(1); count two—possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1, and count three—possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery, a violation of La. R.S. 14:95.10. The predicate offense upon

2

which the State relied for count two, the La. R.S. 14:95.1 violation, was a prior aggravated battery conviction from March 13, 2013 (Caddo Parish Docket No. 312,262), and the predicate offense for count three, the La. R.S. 14:95.10 violation, was a conviction for domestic abuse battery, third offense, obtained on February 2, 2016 (Caddo Parish Docket No. 337,353).

An amended bill of information was filed by the State on October 22, 2022, omitting count three, the charge involving La. R.S. 14:95.10, but adding a new charge for count three, one alleging a violation of La. R.S. 14:95(E), an allegation that defendant illegally carried/possessed a firearm while in possession of a CDS, specifically, methamphetamine. A second amended bill of information was filed the morning of defendant's jury trial on February 5, 2023, maintaining the same charges from the amended bill *but changing the predicate offense for count two, the offense charging a violation of La. R.S. 14:95.1, from the 2013 aggravated battery conviction to the 2016 domestic abuse battery, third offense conviction*.

After a two-day trial, a unanimous jury found defendant guilty as charged of all three counts. Motions for a new trial and a post-verdict judgment of acquittal filed on February 22, 2023, were denied by the trial court. On February 28, 2023, defendant was sentenced to 18 months as to count one, 15 years at hard labor without benefits as to count two, and seven years at hard labor as to count three. The sentences were ordered to run concurrently with each other but consecutively with any other sentence. No motion to reconsider was filed. This appeal ensued.

3

**DISCUSSION**

*Sufficiency of the Evidence-Possession of a Firearm by a Convicted Felon*

A conviction for possession of a firearm by a convicted felon under La. R.S. 14:95.1 requires the State to prove the following elements beyond a reasonable doubt: (1) the defendant was in possession of the firearm; (2) he was previously convicted of one of the felonies enumerated in La. R.S. 14:2(B); (3) the ten-year statutory period has not passed; and, (4) he had general intent to commit the offense. La. R.S. 14:95.1; *State v. Husband*, 437 So. 2d 269 (La. 1983); *State v. Hill,* 53,286 (La. App. 2 Cir. 3/4/20), 293 So. 3d 104; *State v. Drayton*, 46,191 (La. App. 2 Cir. 4/13/11), 63 So. 3d 319, *writ denied*, 11-2343 (La. 6/1/12), 90 So. 3d 430.

As amended on February 5, 2023, the bill of information charged defendant with being a felon in possession of a firearm, with the predicate offense being a 2016 domestic abuse battery, third offense. The State alleged that defendant's previous conviction for domestic abuse battery-third offense made it illegal for him to possess a .38 Smith & Wesson pistol. At trial, the State introduced evidence that defendant had been convicted of domestic abuse battery, third offense. The State charged that, under La. R.S. 14:95.1, this conviction prohibited him from possessing a .38 Smith & Wesson pistol on July 17, 2022.

According to defendant, the offense of domestic abuse battery, third offense, La. R.S. 14:35.3(E), is not a felony within the intendment of La. R.S. 14:95.**1**, although there are specific instances of domestic abuse battery that are enumerated as "crimes of violence" under La. R.S. 14:2(B)(48) (specifically, La. R.S. 14:35.3(L), (M)(2), (N), (O), and (P)) . Instead, it is La. R.S. 14:95.**10** which prohibits the possession of a firearm or carrying of

4

a concealed weapon by a person convicted, *inter alia*, of domestic abuse battery. Specifically, La. R.S. 14:95.10(A)(1) provides that it is unlawful for any person who has been convicted of domestic abuse battery, La. R.S. 14:35.3, to possess a firearm or carry a concealed weapon.

Thus, the State failed to prove that defendant was convicted of committing an enumerated felony under La. R.S. 14:95.1 before July 17, 2022, when he allegedly possessed a .38 Smith & Wesson pistol, and the evidence is insufficient to support a conviction under La. R.S. 14:95.1.[1] When a reversal is based on the failure of the evidence to prove an essential element of the offense charged, the double jeopardy clause of the Fifth Amendment bars a second trial of the defendant. *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *State v. Fontana*, 396 So. 2d 1251 (La. 1981). This Court hereby reverses defendant's conviction for possession of a firearm by a convicted felon, vacates his sentence for that conviction, and enters a judgment of acquittal as to that charge.

### *Sufficiency of the Evidence-Illegal Carrying of a Firearm While in Possession of a Controlled Dangerous Substance*

The State alleged that defendant illegally carried a .38 Smith & Wesson pistol while in possession of CDS on July 17, 2022. According to defendant, the State failed to prove that he actually possessed the .38 Smith & Wesson pistol. Defendant asserts that there was insufficient evidence to prove that he was guilty beyond a reasonable doubt of illegal carrying of a firearm while in constructive possession of CDS because the State failed to

---

[1] The State concedes that domestic abuse battery, third offense, is not one of the enumerated felonies that will support a conviction under La. R.S. 14:95.1, and that it therefore failed to establish an essential element of the offense of possession of a firearm by a convicted felon.

5

prove a nexus between the .38 Smith & Wesson pistol and the methamphetamine.

A nexus may be established by: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence. *State v. Blanchard*, 99-3439, p. 9 (La. 1/18/01), 776 So. 2d 1165, 1173; *State v. Lattin*, 52,127, p. 6 (La. App. 2 Cir. 9/26/18), 256 So. 3d 484, 489. Defendant points out that, in this case, the pistol was found in a paper bag about a foot from where the officers originally saw defendant, who claimed to be holding the gun for a friend. Less than two grams of personal-use methamphetamine was found in defendant's sock when he was booked into the city jail. According to defendant, there was no evidence that he had the gun when he came into possession of the drugs, nor was there any evidence he was protecting the drugs with the gun. He asks this Court to reverse his conviction for illegal carrying of a weapon while in possession of CDS.

According to the State, defendant was in constructive possession of the weapon when Ofc. Haines first made contact with him on the night of July 17, 2022. As the gun was in defendant's immediate control at the time of his arrest and while he had narcotics (methamphetamine) hidden in his sock, the State was not required to establish a nexus between defendant's possession of the firearm, which was merely one foot away from him, and the drugs recovered from his sock.

To prove a defendant guilty of the illegal carrying of a weapon while in possession of a CDS pursuant to La. R.S. 14:95(E), the State must prove beyond a reasonable doubt that: (1) the defendant used, possessed, or had

6

under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon; and (2) this use, possession, or having under his immediate control occurred while the defendant was in possession of, or during the unlawful sale or distribution of a CDS.

In *State v. Blanchard*, 99-3439, p. 5, *supra* at 1170, the Louisiana Supreme Court reaffirmed that "possession" under La. 14:95(E) includes both "actual" and "constructive" possession. Actual possession means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. *State v. Hill*, 53,286 (La. App. 2 Cir. 3/4/20), 293 So. 3d 104; *State v. Ruffins*, 41,033 (La. App. 2 Cir. 9/20/06), 940 So. 2d 45, *writ denied*, 06-2779 (La. 6/22/07), 959 So. 2d 494. Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. *State v. Johnson*, 03-1228 (La. 4/14/04), 870 So. 2d 995, 998; *State v. Hill*, *supra; State v. Ruffins*, *supra*.

At trial, Ofc. Haines testified that defendant was sitting on a concrete step in a vacant lot across from the Fil-A-Sak store. Ofc. Haines observed a black handgun with blue grips sticking out of a brown paper bag one foot from where defendant was seated. The gun contained four live rounds when it was recovered and, per defendant's post-*Miranda* admission, was in his possession because he was "holding it for a friend."

According to the State, it doesn't matter whether defendant was "holding [the weapon] for a friend and intending to return it the next day— he was in constructive possession of the gun when Ofc. Haines initially made contact with him, and the weapon was within defendant's immediate

7

control. The evidence further shows that defendant was in constructive possession of the gun at the time he was also in actual possession of the methamphetamine that was hidden in his sock. Defendant was in the presence and sight of the police officers from the time of his arrest, which occurred immediately upon Ofc. Haines finding the firearm just one foot away from defendant, until the baggie of (what was later confirmed to be) meth was discovered in his sock during booking at the city jail. The jury was reasonable in deducing, based on the above evidence, that the drugs hidden in defendant's sock were on his person when he was also in possession of the firearm. The State urges that, viewing the evidence in the light most favorable to the prosecution, it established that defendant was guilty of the illegal carrying of a firearm while in the possession of a Schedule II CDS beyond a reasonable doubt.

The State was not required to establish a nexus between defendant's simultaneous possession of the firearm and the drugs hidden in his sock as the firearm was in defendant's immediate control when Ofc. Haines first observed defendant sitting on the concrete steps. As held by the Louisiana Supreme Court in *State v. Blanchard*, the prosecution is only required to show a nexus when the firearm is not within a defendant's physical possession *or immediate control. Id.* at p. 9, 776 So. 2d 1165, 1173. *See also*, *State v. O'Brien*, 17-922, p. 17 (La. App. 3 Cir. 4/4/18), 242 So. 3d 1254, 1267, *writ denied*, 18-0663 (La. 2/18/19), 265 So. 3d 769. The defendant in *State v. O'Brien*, *supra*, like the defendant in this case, was not in actual possession of the firearm, but had it within his arm's reach when he was apprehended by the police. *Id.* at p. 2, 242 So. 3d at 1259. An item may be construed as being in a defendant's immediate control if it is in the

8

area from within which he might gain possession of a weapon or destructible evidence *or within arm's reach of the defendant's person*. *Id.* at p. 17, 242 So. 3d at 1267.

In the instant case, the .38 caliber Smith & Wesson firearm recovered at the time of defendant's arrest was within his immediate control as it was a mere one foot away from him. As noted above, Ofc. Haines observed a black handgun with blue grips sticking out of a brown paper bag when he first encountered defendant. The proximity of the firearm to defendant placed it within defendant's arm's reach. Defendant affirmed his awareness of the firearm and his general intent to possess it when he admitted to the officer that he was "holding it for a friend." *See*, *State v. Lattin*, *supra* at 6, 256 So. 3d at 489; *State v. Heard*, 46,230 (La. App. 2 Cir. 5/18/11), 70 So. 3d 811. Therefore, the State was not required to prove that a nexus existed between defendant's simultaneous possession of the weapon and possession of the drugs. Defendant's second assignment of error has no merit.

***Trial Court's Failure to Instruct Jury***

In his final assignment of error, defendant contends that the trial court erred in not instructing the jury that the State had to prove a nexus between the pistol and the drugs recovered from defendant's sock at the city jail. However, the facts presented at trial by the State through the testimony of Ofc. Haines were that the firearm was within the defendant's immediate control. Therefore, such an instruction was not warranted. If given, it would have caused unnecessary confusion to the jury. This assignment of error is without merit.

9

**CONCLUSION**

For the reasons set forth above, defendant Charlie Blow's conviction for count two—possession of a firearm by a convicted felon is reversed, his sentence for count two—possession of a firearm by a convicted felon is vacated, and he is hereby acquitted of that charge. Defendant Charlie Blow's convictions and sentences for count one—possession of Schedule II CDS (less than 2 grams) and count three—illegal carrying of a weapon while in possession of CDS are affirmed.

**REVERSED AND VACATED IN PART; AFFIRMED**.