I2CARTER, Judge.
J.W., a child, was alleged to be delinquent by an amended petition based on the commission of attempted armed robbery (two counts), armed robbery, attempted second degree murder (two counts), second degree murder, and conspiracy to commit armed robbery. J.W. denied the allegations of the petition and contested the request for adjudication due to insanity. After an adjudication hearing, the court granted J.W.’s motion for a directed verdict as to one of the attempted second degree murder counts (attempted second degree murder of Chad Truitt), rejected the insanity defense, and adjudged him to be delinquent on the basis of the remaining charges. At the disposition hearing, the court placed J.W. in the custody of the Department of Public Safety and Corrections until his twenty-first birthday.
J.W. appealed his adjudication of delinquency and judgment of disposition. This court affirmed the adjudication based upon commission of conspiracy to commit armed robbery and reversed the adjudication based upon commission of the remaining charges. We remanded for disposition on the conspiracy charge and for adjudication on the other charges. State in Interest of J.W., 93-0650 (La.App. 1st Cir. 3/11/94), 636 So.2d 641 (unpublished). J.W. and the state both filed writ applications, seeking review of our decision, and the applications were denied. State in Interest of J.W., 94-0877 (La. 7/1/94), 639 So.2d 1178; State in Interest of J.W., 94-0892 (La. 7/1/94), 639 So.2d 1179. Upon remand, the trial court imposed the same disposition, ordering J.W. to remain in the custody of the state until his twenty-first birthday. J.W. has appealed, urging in a single assignment of error that the disposition imposed on remand is excessive and amounts to cruel, unusual, and excessive punishment. The record does not show that the state pursued an adjudication on the remaining charges.
The facts of the offense were detailed in our previous decision. In the early morning hours of July 12, 1992, Scott Bordelon, his younger brother, Christopher Bordelon, and their friend, Chad Truitt, were walking to a store. While the three young men were walking beside some apartments located on a street which runs behind a large supermarket inJjHouma, a young man from the neighborhood asked them if they wanted to buy drugs. The three young men did not respond and continued walking. Shortly thereafter, another young male joined the first one (who had asked about drugs), and the two assailants proceeded to rob the Bordelon brothers and Chad. When Scott refused to cooperate, one of the assailants shot him in the head. Chad and Christopher then ran away. As Christopher fled, he was shot in the left side of his back, but he managed to make it to safety. Chad, however, escaped from the scene unharmed. Scott subsequently died from the gunshot wounds. The *586 coroner who performed the autopsy found three wounds to Scott’s head, two of which caused extensive brain damage.
Detectives with the Terrebonne Parish Sheriffs Office secured evidence (detailed in our previous decision) identifying J.W. and Quinton Coleman as the perpetrators of the offenses. Coleman was sixteen years old on the date of the offenses, and J.W. was fourteen. In statements made to the authorities, J.W. admitted talking to Coleman about robbing the three youths and giving Coleman a gun to use. However, J.W. denied being present when the robbery occurred and claimed that it was Coleman who fired the shots. According to the statement given by Coleman, J.W. encouraged Coleman to participate in the robbery, and J.W. (not Coleman) actually robbed the victims and fired the rifle.[2]
The court committed J.W. to the custody of the Louisiana Department of Public Safety and Corrections until his twenty-first birthday, the maximum disposition the court could impose. See LSA-Ch. C. art. 898 C(5). After adjudicating a child to be a delinquent, a court is required to impose the “least restrictive disposition” authorized by articles 897 through 900 of the Children’s Code “which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.” LSA-Ch. C. art. 901 B. Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate under any of the following circumstances: (1) there is an undue risk that during a period of a suspended commitment or probation the 14child will commit another crime; (2) the child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment; (3) a lesser disposition will deprecate the seriousness of the child’s delinquent act; and (4) the delinquent act involved the illegal carrying, use, or possession of a firearm. LSA-Ch. C. art. 901 C.
At the disposition hearing, J.W.’s attorney brought to the court’s attention several mitigating factors. While in state custody, J.W. completed his G.E.D., scored 16 on the ACT, received the best classification possible at Louisiana Training Institute (LTI), and began learning a trade in carpentry. Counsel also informed the court that J.W. had not received any written disciplinary notices in the last five months. Before entering the disposition, the court indicated that it had reviewed the record and had considered the initial psychological evaluation. The court recognized J.W.’s cooperation and advancement in educational pursuits, but expressed concern that, as a result of the conspiracy, one person was killed and another person was injured.
Comments voiced by the court at the original disposition hearing are relevant in reviewing this assignment of error. At the original hearing, the court said that J.W. had been before the court for a variety of status offenses (such as not listening to his parents and not observing rules and regulations) from the time that J.W. was nine years old. The court opined that the offenses committed in the instant case arose out of an ouLof-control lifestyle. The court also remarked that one of the doctors who had examined J.W. found him to be of average intelligence and another doctor placed him in the low to average intelligence group.
When the court later denied J.W.’s request for reconsideration of the sentence, the court extensively reviewed the criteria listed in LSA-Ch. C. art. 901 and cited additional reasons in support of the disposition imposed. The court concluded that J.W. had to have contemplated that his actions would cause serious harm. The court also found that there was no provocation, no substantial grounds justified or excused J.W.’s conduct, and the victims did not induce or facilitate the offenses. The court noted that J.W. had no | gsubstantial prior history of delinquency, but the court concluded that his lifestyle made it likely that other offenses could be *587 committed in the future. Noting that probation had not been successful with J.W. previously, the court concluded that J.W. would not likely respond affirmatively to probationary treatment. The court also said that a lesser disposition would deprecate the seriousness of the offenses and would be a “mockery.”
Considering the reasons cited at the disposition hearing and remarks made at the previous disposition hearing, the court’s decision to again commit J.W. to the maximum term of custody was appropriate. The assignment of error lacks merit.
In reviewing the record for patent error, we have found that the court failed to credit J.W. with time spent in secure detention prior to the imposition of disposition, as required by La.Ch. C. art. 898 A. Therefore, we amend the disposition to reflect that J.W. is to be given credit for any time served prior to imposition of the disposition. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). We remand the case and order the trial court to amend the judgment of disposition and the appropriate minute entry to reflect that J.W. is to be given credit for time served.
ADJUDICATION AFFIRMED; DISPOSITION AFFIRMED, AS AMENDED; REMANDED WITH ORDER.

. In our previous decision in this case, we found error in the court’s admission of Coleman's statement at the adjudication hearing. Although Coleman's statement was improperly admitted to prove the elements of the offenses, it may be considered in evaluating the assignment of error at issue in this appeal.