STATE OF LOUISIANA IN THE INTEREST OF: P. H. (DOB: 10-30-1992)
No. 2009 KJ 0949.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not designated for Publication.
HON. WALTER P. REED, District attorney Covington, LA Patrick Berrigan Assistant District Attorney Slidell, LA, Attorneys for State of Louisiana
KATHERINE M. FRANKS, Abita Springs, LA, Attorney for Appellant. P. H. (Minor child)
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, JJ.
P.H., a child, was originally alleged to be delinquent by petition based on one count of aggravated rape, a violation of La. R.S. 14:42, and pled not true. Thereafter, the petition was amended to allege that he was delinquent based on one count of forcible rape, a violation of La. R.S. 14:42.1, and he pled true. Following a disposition hearing, he was committed to the custody of the Department of Public Safety and Corrections, Office of Youth Development, for five years, with the first three years to be served without the benefit of parole, and with a recommendation of secure custody. He now appeals, challenging the disposition as constitutionally excessive and in violation of the precepts governing delinquency dispositions. For the following reasons, we affirm the adjudication of delinquency and disposition.

FACTS
Due to the plea of true in this case, there was no adjudication hearing, and thus no testimony concerning the offense. Further, the State did not set forth a factual basis for the plea. The court, however, made a finding of fact that on May 18, 2006, P.H. had vaginal intercourse with the six-year-old victim. Additionally, the petition set forth that P.H. was born on October 30,1992.

EXCESSIVE DISPOSITION
In his sole assignment of error, P.H. argues his disposition was unconstitutionally excessive and not the least restrictive disposition consistent with the circumstances of the case, his needs, and the best interest of society.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La. App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, XXXX-XXXX (La. 10/5/01), 798 So.2d 962. A defendant's reduced penalty exposure as a result of plea bargaining is a valid factor for consideration in imposing sentence. See State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
After adjudicating a child to be delinquent, a court is required to impose the "least restrictive disposition" authorized by Articles 897 through 900 of the Children's Code "which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society." La. Ch. Code art. 901(B). Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate under any of the following circumstances: (1) there is an undue risk that during a period of a suspended commitment or probation the child will commit another crime; (2) the child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment; (3) a lesser disposition will deprecate the seriousness of the child's delinquent act; and (4) the delinquent act involved the illegal carrying, use, or possession of a firearm. La. Ch. Code art. 901(C); State in the Interest of J.W., 95-1131, pp. 3-4 (La. App. 1 Cir. 2/23/96), 669 So.2d 584, 586, writ denied, 96-0689 (La. 4/26/96), 672 So.2d 911.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five years and not more than forty years. At least two years of the sentence shall be without the benefit of probation, parole, or suspension of sentence. La. R.S. 14:42.1(B). No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication. La. Ch. Code art. 898(A). A maximum term under Article 898(A) does not apply if the child reaches age twenty-one. La. Ch. Code art. 898(C)(5). The court committed P.H. to the custody of the Department of Public Safety and Corrections, Office of Youth Development, for five years, with the first three years to be served without the benefit of parole, and with a recommendation of secure custody. Additionally, the court ordered that the child participate in a program for sexual perpetrators, mental health therapy, and any other programs deemed appropriate for him by the Office of Youth Development.
The record contains an August 30, 2006 report from Dr. Rafael F. Salcedo, forensic psychologist, indicating he had performed a psychological evaluation of P.H. According to Dr. Salcedo, P.H. was nonpsychotic and in no acute distress. He had no major psychiatric pathology and did not appear to have any cognitive limitations suggestive of mental retardation. Dr. Salcedo noted that P.H.'s verbal IQ had been tested as 71, but felt that the score was "possibly an underestimate of his true potential." Dr. Salcedo also found that, based on the allegations against P.H., there was a possibility that he was suffering from "an Impulse Control Disorder NOS, Sexual in Nature."
The record also contains a report from Dr. Anita Rock Faucheux, concerning her October 31, 2006 examination of P.H. According to Dr. Faucheux, P.H. admitted to being sexually active, but claimed that, with the exception of the victim, his partners had been his own age or older. Dr. Faucheux found P.H. to have a full scale IQ composite score of 63, which was in the extremely low range of intellectual functioning. The score indicated that P.H. might experience great difficulty in keeping up with his peers in a wide variety of situations that require age-appropriate thinking and reasoning abilities. Dr. Faucheux noted that due to P.H.'s high anxiety and nervousness, his test results could be an underestimation of his actual performance potential. Dr. Faucheux recommended inhome placement for P.H. based on his strong family connections/involvement/concern combined with his lack of prior history of mental/physical/sexual issues, no legal/authority or education problems, and a history of regular and consistent involvement in church and organized sports. She indicated that the recommendation would change if the family circumstances/involvement changed. She also recommended that a complete and updated psychiatric evaluation be scheduled to assess the need and use of medications to control P.H.'s attention, hyperactivity, and "possible aggressive outburst of behavior sexual in nature."
Following P.H.'s true plea to forcible rape and delinquent adjudication, defense counsel requested a deferred disposition. The court granted the request and ordered a pre-disposition investigation (PDI). In the PDI report, P.H. claimed that he had intercourse with the victim after she told him to go to his aunt's house so that they could "do it." The victim's mother indicated that the victim had not had any problems and had not required counseling or therapy. She indicated, however, that P.H. should be punished for his actions against the victim.
The PDI report indicated that P.H. had no prior criminal history and that he and his family had been displaced by Hurricane Katrina. P.H.'s mother had been in a relationship with P.H.'s "de facto stepfather" for at least thirteen years. P.H. had been diagnosed with ADHD while in the 2nd grade and had been taking Ritalin, Orap, and Adderall for the condition, but was not taking these medications at the time of the offense. The PDI report recommended that P.H. be sentenced to three years in the custody of the Office of Youth Development, with the sentence suspended, and three years probation.
P.H.'s mother testified that P.H. was not a "bad kid;" he had just shown "real poor judgment." She indicated she wanted him to "have a slap on the wrist," and get some help.
In imposing the disposition, the court noted it had received a report from the detention center indicating that P.H.'s behavior had been poor and that he had been disciplined for attempting to fight. The court stated that P.H. had originally been charged with aggravated rape and had committed the offense when he was thirteen years old. The court noted that if P.H. had been fourteen, he could have been tried as an adult and, if convicted, would have faced life in prison. The court also noted that even as originally charged as a juvenile, P.H.'s minimum sentence would have been detention until his twenty-first birthday.
After considering the record before it, the court made the following findings of fact: that on May 18, 2006, the child had vaginal intercourse with the six-year-old victim. The court acknowledged that it was aware of P.H.'s version of the incident, but noted that even assuming he was telling the truth, the State of Louisiana did not consider a six-year-old capable of consenting to sexual relations. The court indicated it had read the reports of Dr. Salcedo and Dr. Faucheux as well as the PDI. The court found the recommendation of the PDI to be "entirely inappropriate and ill-advised." The court noted that it had also considered the dispositional guidelines of the Children's Code and was cognizant of its obligation to impose the least restrictive disposition consistent with the circumstances of the case, the child's needs, and the best interest of society. In determining that it was appropriate to commit P.H. to the custody of the Department of Public Safety and Corrections, the court found as follows: that there was an undue risk that during the period of a suspended commitment or probation, P.H. would commit another crime; that P.H. was in need of corrective treatment or a custodial environment that could be provided most effectively by his commitment; and that a lesser disposition would deprecate the seriousness of P.H.'s delinquent act.
The disposition imposed in this case was not grossly disproportionate to the severity of the offense and, thus, was not unconstitutionally excessive. Further, the court carefully considered the circumstances of the case, the needs of the child, and the best interest of society and imposed a disposition consistent with the dispositional guidelines of the Children's Code.
This assignment of error is without merit.
ADJUDICATION OF DELINQUENCY AND DISPOSITION AFFIRMED.