# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of October, 2017**, are as follows:

**PER CURIAM**:

2016-CK-0939      STATE IN THE INTEREST OF C.T. (Parish of E. Baton Rouge)

The totality of the circumstances here, when viewed in the light most favorable to the State under the due process standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sufficed to exclude every reasonable hypothesis of innocence regarding C.T.'s criminal intent. See generally R.S. 15:438; see State v. Jacobs, 504 So.2d 817, 820 (La. 1987) (all direct and circumstantial evidence must meet the Jackson test). Finding no error in the court of appeal's ruling, we affirm. AFFIRMED

JOHNSON, C.J., dissents for the reasons assigned by Genovese, J. GENOVESE, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 16-CK-0939

STATE IN THE INTEREST OF C.T.

ON WRIT OF CERTIORARI TO THE COUT OF APPEAL,
FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

PER CURIAM

Baton Rouge police officers found two juveniles, who appeared to have passed out, at 1 a.m. in a truck that was parked at a McDonald's restaurant. A strong odor of marijuana emanated from the open windows. Fifteen-year-old C.T. was seated in the front passenger seat with a pistol in his lap. A search revealed a bag of marijuana in the driver's possession as well as a burnt marijuana cigarette in the center console. Crystal Etue had reported the truck stolen several weeks earlier. She did not know either juvenile or authorize them to use the truck.

C.T. was adjudicated delinquent for illegally carrying a weapon while in possession of a controlled dangerous substance, La.R.S. 14:95(E), and unauthorized use of a motor vehicle, La.R.S. 14:68.4. The juvenile court committed him to the custody of the Department of Public Safety & Corrections until his twenty-first birthday. The court of appeal affirmed the adjudication and commitment. *State in the Interest of C.T.*, 15-1864 (La. App. 1 Cir. 4/15/16), 195 So.3d 70. While unanimously finding that there is sufficient evidence to support the adjudication for illegal carrying, the panel was split over the sufficiency of the evidence establishing unauthorized use. The majority of the panel found the evidence sufficient to prove C.T. intentionally used the truck without the owner's permission. The majority found it significant that "[b]y admitting to Officer Wilson that they did not know whether the truck was stolen, the juveniles

implicitly admitted that they did not know who owned the truck, . . . ." *C.T.*, 15-1864, p. 6, 195 So.3d at 76. In contrast, the dissent found the evidence insufficient to establish that C.T. had the requisite criminal intent. *C.T.*, 15-1864, p. 1, 195 So.3d at 78 (McClendon, J., dissenting) ("C.T. was not the vehicle's driver and the state presented no evidence that C.T. was connected to, or knew of, its theft. Moreover, the vehicle did not show any apparent signs of having been tampered with or any other indicia that it had been stolen. Further, there was no evidence of the defendant fleeing the scene nor did he make any incriminating statements as to the unauthorized use of the vehicle.").[1]

In a juvenile delinquency proceeding, the State's burden of proof is the same as in a criminal proceeding against an adult—to prove beyond a reasonable doubt every element of the delinquent act alleged in the petition. La.Ch.C. art. 883. To prove a violation of R.S. 14:68.4, the State must show that the juvenile intentionally took or used a motor vehicle belonging to another without that person's consent. *Cf. State in the Interest of Batiste*, 367 So.2d 784, 789 (La. 1979) ("[B]oth theft and unauthorized use of movables require a misappropriation or taking by the culprit."). Further, R.S. 14:68.4 must reasonably be construed to require the existence of fraudulent intent. *State v. Bias*, 400 So.2d 650, 652–53 (La. 1980) ("[W]e construe the present statute proscribing unauthorized use of a movable as requiring a showing of mens rea or criminal intent . . ."). Mere presence inside a vehicle is insufficient. *See, e.g., State in the Interest of O.B.*, 559 So.2d 31, 33 (La. App. 4 Cir. 1990) (evidence that defendant was merely a

---

[1] The court of appeal also rejected the juvenile's claim that his disposition is an excessive punishment and not the least restrictive disposition appropriate under the circumstances. *C.T.*, 15-1884, pp. 7–8, 195 So.3d at 76–77. The court of appeal noted that the juvenile court had the benefit of a detailed pre-disposition report, the juvenile's history (which included two prior delinquency adjudications and 13 arrests already by age 15), and the testimony of the juvenile's mother. The court of appeal also noted that the juvenile's criminal behavior was escalating with a potential for gun violence. Although the juvenile asserts that the disposition is excessive, he shows no error in the court of appeal's analysis or abuse of the juvenile court's discretion.

2

backseat passenger in a stolen vehicle who saw keys in the ignition but not the broken steering column and who fled after the driver crashed following a chase initiated by the police conducting a routine traffic stop did not support his conviction for unauthorized use of the vehicle).

There is some disagreement among the circuits as to whether a perpetrator must have knowledge that the vehicle is stolen or only that he does not have authorization to use it. *Compare State ex rel. J.J.*, 16-0193 (La. App. 1 Cir. 6/3/16), 196 So.3d 110, 114 (State "only required to prove that the [juvenile] intentionally utilized the vehicle without the permission of the vehicle's owner") *with O.B.*, 559 So.2d at33 ("the state provided insufficient evidence to prove that [the juvenile] took or used the vehicle with the knowledge that it was stolen."); *State ex rel. H.N.*, 97-0982 (La. App. 4 Cir. 7/8/98), 717 So.2d 666 (adjudications reversed based on evidence that juvenile passengers were unaware vehicle was stolen). The statute defining the offense, however, does not require knowledge that the vehicle is stolen (or that it have been stolen at all) as an element of the offense. Instead, the statute defines the offense as follows: "Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently." La.R.S. 14:68.4(A).[2] Therefore, courts have erred to the extent they have engrafted a requirement onto the law that the state prove a defendant is aware a vehicle is stolen.[3]

---

[2] "Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations." La.R.S. 14:67(A). In contrast with unauthorized use, which requires no "intention to deprive the other of the motor vehicle permanently", La.R.S. 14:68.4(A), for theft "[a]n intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." La.R.S. 14:67(A).

[3] Obviously, the unauthorized *taking* of a vehicle would suffice to establish an element of

3

In the instant case, the State presented evidence that C.T. was passed out in the passenger seat of a stationary vehicle that was later determined to have been stolen several weeks earlier. The vehicle's owner had not given the juveniles, whom she did not know, permission to use her vehicle. The other juvenile was in the driver's seat and possessed the keys. There was no damage to the doors, steering column, or ignition. The vehicle reeked of marijuana, however, and C.T. had a firearm on his lap. It was also 1 a.m. and C.T. was in violation of a court order by being out of his home and in violation of the local curfew ordinance.[4] Both juveniles denied knowing the vehicle was stolen but neither evinced any knowledge as to who owned the vehicle either. This evidence may be insufficient to prove C.T. knew the vehicle was stolen but it sufficed to prove C.T. intentionally used a motor vehicle which belonged to another without the other's consent, which is all the language of the statute requires. The totality of the circumstances here, when viewed in the light most favorable to the State under the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sufficed to exclude every reasonable hypothesis of innocence regarding C.T.'s criminal intent. *See generally* R.S. 15:438; *see State v. Jacobs*, 504 So.2d 817, 820 (La. 1987) (all direct and circumstantial evidence must meet the *Jackson* test). Finding no error in the court of appeal's ruling, we affirm.

**AFFIRMED**

---

La.R.S. 14:68.4. However, the conjunctive "or" within this statute indicates, alternatively, it can be sufficient for the State to show that the *use* was unauthorized. The use of a vehicle for "joy riding" is an example of such an unauthorized use. While knowledge that the vehicle is stolen is sufficient to establish unauthorized use, proof of such knowledge is not absolutely necessary to establish an element of the crime. In sum, it can be sufficient that the State prove the vehicle was knowingly used without the consent of the owner. Proving that a defendant knew the vehicle was stolen is simply one alternative method of making that showing.

[4] Baton Rouge Code of Ordinances § 13:1056.2.

# SUPREME COURT OF LOUISIANA

## No. 2016-CK-0939

## STATE IN THE INTEREST OF C.T.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**JOHNSON, Chief Justice, dissents for the reasons assigned by Justice Genovese.**

SUPREME COURT OF LOUISIANA

NO. 2016-CK-0939

STATE IN THE INTEREST OF C.T.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**GENOVESE, J., dissents and assigns reasons:**

I respectfully dissent from the majority opinion and would reverse the adjudication of unauthorized use of a motor vehicle. La.R.S. 14:68.4. C.T., a minor and guest passenger in the vehicle, denied knowing that the truck was stolen. The record reflects that there was no contrary evidence presented to establish that C.T. knew or should have known that the driver of the vehicle did not have the owner's permission to use the vehicle. There was no physical damage to suggest that it had been broken into, and the driver possessed keys to the vehicle.

Mere presence inside a vehicle is insufficient to prove unauthorized use of a motor vehicle. A passenger in a vehicle cannot be found guilty of unauthorized use of a motor vehicle without proof that he had knowledge that the operator of that vehicle was operating it without the consent or authority of the owner. An essential element of the offense is proof of mens rea or criminal intent. *State v. Bias*, 400 So.2d 650, 652-53 (La.1981).

To prove a violation of La.R.S. 14:68.4, the State was required to prove beyond a reasonable doubt that C.T. *intentionally* took or used the vehicle belonging to another without that person's consent. With no evidence to suggest that C.T. knew or should have known that the use of the vehicle was without the owner's permission, or proof beyond a reasonable doubt that C.T. *intentionally* took or used the vehicle belonging to another without that person's consent, C.T.'s mere presence

in the passenger's seat of the vehicle is insufficient to support the conviction. I agree with Judge McClendon's dissent wherein she concluded that the State failed to establish C.T. "possessed the requisite guilty mind."

For these reasons, I would vacate C.T.'s adjudication for unauthorized use of a motor vehicle.