| STATE OF LOUISIANA IN THE INTEREST OF C.B. | * | NO. 2020-CA-0075 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2018-220-06-DQ-B/E, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE

* * * * * *

**Judge Roland L. Belsome**

* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)

**Bartholomew-Woods, J., Concurs, in Part and Dissents, in Part**

Leon Cannizzaro
District Attorney
Donna Andrieu
Chief of Appeals
Scott G. Vincent
Assistant District Attorney
Orleans Parish
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE/STATE OF LOUISIANA

Tenee Felix
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

      COUNSEL FOR APPELLANT

                              **AFFIRMED**
                              **April 15, 2020**

C.B. appeals his delinquency adjudication and sentence for the unauthorized use of a movable. For the following reasons, the delinquency adjudication and sentence are affirmed.

### ***Procedural History***

C.B. was detained by officers of the New Orleans Police Department ("NOPD"), on June 17, 2017, in connection with an investigation unrelated to the charges addressed in this appeal. As a result of that detainment, it was discovered that the bicycle C.B. was riding on was stolen.

Thereafter, on August 8, 2018, the State filed a delinquency petition charging C.B. with one count of unauthorized use of a movable, in violation of La. R. S. 14:68. C.B. appeared to answer the petition on August 14, 2018, and denied the charges. During a pre-trial conference, a trial date of November 28, 2018, was set without objection. C.B. failed to appear for trial on November 28, 2018, and an arrest warrant was issued. The warrant was recalled when C.B. appeared in court on January 30, 2018. On that date, the juvenile court reset C.B.'s trial for May 8, 2019, without objection.

On May 8, 2019, C.B. appeared for trial. However, because that section of juvenile court was without a court reporter, the juvenile court judge found "good cause" to extend the La. Ch. C. art. 877 deadlines, and the trial was continued to July 24, 2019. The record indicates that C.B. filed a written objection to the continuance. Again, the juvenile court judge continued the July 24, 2019 trial setting due to not having a court reporter available for trial. The new trial date was October 16, 2019. C.B. filed a written objection to the continuance.

Trial commenced on October 16, 2019, and C.B. was adjudicated delinquent for the offense of La. R.S. 14:68, unauthorized use of a movable. A disposition hearing was held on November 13, 2019, and C.B. was sentenced to a six month suspended sentence and one year of inactive probation. This appeal followed.

## Assignments of Error

C.B. appeals his delinquency adjudication on two grounds: 1) the trial court erred when it found sufficient evidence to adjudicate C.B. delinquent for the unauthorized use of a movable; and 2) the trial court abused its discretion continuing C.B.'s trial due to the absence of a court reporter

## Sufficiency of the Evidence

On appeal, C.B. maintains that the juvenile court judge erred when it found sufficient evidence existed to adjudicate him delinquent for the unauthorized use of a movable. In accordance with *Jackson v. Virginia,* 443 U.S. 307, 319, 99S.Ct. 2781, 61 L.Ed.2d 560 (1979), this Court reviews the sufficiency of the evidence by determining whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. However, in juvenile proceedings, an appellate court reviews both law and fact to determine if the adjudication was manifestly erroneous or reasonable. *State*

2

*in the Interest of S.J.*, 2013-1025, p. 3 (La.App. 4 Cir. 11/6/13), 129 So.3d 676, 679.

The State had the burden of proving beyond a reasonable doubt that C.B. committed the offense in the petition. La. Ch. C. art. 883. La. R.S. 14:68(A) states in pertinent part:

> Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.

At the adjudication hearing, the State presented testimony from Officer Anton Huguley, Detective Jerusha Carroll, and Mr. Derrick Murray. C.B. did not call any witnesses.

Officer Huguley testified that at approximately 9:00 p.m. on June 17, 2017, he detained C.B. and another juvenile male riding a bicycle.[1] The testimony of Detective Carrol, who worked in the NOPD's Sixth District property crimes division, established that she arrived on the scene after Officer Huguley had detained C.B. She further explained that she was familiar with the value of Trek bicycles, and immediately became suspicious that the bicycle the juveniles were riding may be stolen. Detective Carroll initiated an investigation by running the bicycle's registration but the bicycle had not been reported stolen. The bicycle had a GNO Cyclery sticker on it, and she contacted the business to identify the registered owner. She discovered that Derrick Murray was the owner, and the bicycle was returned to him.

Mr. Murray, identified a photograph of his Trek Dual Sport bicycle that C.B. was riding. He testified that the cost of the bicycle was approximately $750, and

---

[1] The juvenile males were stopped and questioned because they fit the description of suspects in an active investigation.

that it went missing sometime prior to June 17, 2017. Mr. Murray further stated that he did not know C.B., and did not give C.B. permission to use his bicycle.

On appeal, C.B. argues that the State failed to prove that he knew the bicycle was stolen. In defense of that position, C.B. cites to several cases where there was evidence that challenged whether the defendant had knowledge that the movable was stolen. In this case, such evidence does not exist.

Further, when addressing the sufficiency of evidence for unauthorized use of a movable, the Louisiana Supreme Court has explained that although La. R.S. 14:68 does not require knowledge that the movable was stolen, the statute nonetheless requires knowledge that the use was without the owner's consent. *State in Interest of C.T.*, 2016-0939, p. 3 (La. 10/18/17), 236 So.3d 1210, 1212 (holding that the lower courts had "erred to the extent they [had] engrafted a requirement onto the law that the state prove a defendant is aware a [movable] is stolen" and clarifying that, "[w]hile knowledge that the [movable] is stolen is sufficient to establish unauthorized use, proof of such knowledge is not absolutely necessary to establish an element of the crime, that "it can be sufficient that the State prove the [movable] was knowingly used without the consent of the owner," and that "proving that a defendant knew the [movable] was stolen is simply one alternative method of making that showing"). In *C.T.*, the Louisiana Supreme Court was construing La. R.S. 14:68.4 (unauthorized use of a motor vehicle). Unauthorized use of a motor vehicle, however, is a more specific type of unauthorized use of a movable; the operative language of the statutes is substantively the same. Thus, the reasoning of *C.T.* applies with equal force to the unauthorized use of a movable under La. R.S. 14:68.

4

Accordingly, the evidence presented by the State in the instant case was sufficient to prove C.B. committed the offense of unauthorized use of a movable. Thus, the record supports the juvenile's adjudication as delinquent.

## *Continuances*

The Louisiana Children's Code provides for specific timelines for the scheduling of adjudication hearings. Pursuant to La. Ch. C. art. 877(B), the adjudication hearing of a child that is not in custody, like in this case, "shall commence within ninety days of the appearance to answer the petition." C.B. appeared and answered the petition on August 14, 2019, and, as discussed above, several trial settings and continuances followed. The first of those continuances was as a result of C.B. failing to appear for trial. Thereafter, there were two more continuances that C.B. objected to in writing. However, notices of objection did not seek any relief from the juvenile court. Further, C.B. did not challenge the continuances by filing a supervisory writ to this Court.

C.B. relies on *State in the Interest of C.G.*, 2019-01653, (La. 11/5/19), 281 So.3d 657, to support his assertion that the juvenile court violated the statutory mandates of article 877. In *C.G.*, the same underlying procedural issues existed. Specifically, there was a finding by the juvenile court that the absence of a court reporter rose to the level of "good cause" to support a continuance beyond the ninety days limitation prescribed by article 877. *Id.* C.G. objected to the continuance and filed a motion to dismiss petition. The juvenile court denied the motion, and C.G. sought relief from this Court which was denied. *State in the Interest in C.G.,* unpub. 2019-0838, (La.App. 4 Cir. 9/27/19) (J. Jenkins, dissenting). The Louisiana Supreme Court granted C.G.'s writ, and reversed the lower court's denial of the motion, and ordered the dismissal of the petition. In a

5

*per curiam* opinion, the Court found that even though the juvenile court is given discretion in finding "good cause" to satisfy an extension of the article 877 mandates, the court cannot use its own internal operating procedures to justify noncompliance with the statutory mandate. *C.G., supra.*

There are distinguishing factors in *C.G.* and the instant case. Mainly, in *C.G.,* after the ruling of "good cause" for a continuance, C.G. objected and also filed a motion to dismiss petition for failure to timely try the case.[2] Then, when the juvenile court denied the motion to dismiss the petition, C.G. sought appellate review from this Court and applied for a writ to the Supreme Court. Although a written notice of objection was filed in this case there was no request for relief or accompanying motion to dismiss petition. Additionally, C.B. proceeded to trial without objection. This challenge is untimely.

## *Conclusion*

For the reasons discussed, C.B.'s delinquency adjudication and sentence are affirmed.

**AFFIRMED**

---

[2] "The legislature has made it clear that if an adjudication hearing has not commenced timely, upon motion of the child, the court shall dismiss the petition." *C.G., supra* (citing La. Ch. C. art. 877(D); State in the Interest of R.D.C., Jr., 93-1865 (La. 2/28/94), 632 So.2d 745. See also State in the Interest of J.M., 156 So.3d 1161 (La. 2014)).